Case 5:21-cv-00164   Document 5   Filed on 02/25/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUAN SILVA VAZQUEZ, SR, § | | |
|     Petitioner, § | | |
| § | | |
| VS. § | | 5:21-CV-00164 |
| § | | |
| H.S.I. § | | |
| and § | | |
| D.O.J., § | | |
|     Respondents. § | | |

## REPORT & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner JUAN SILVA VAZQUES, SR. seeks a protective order against Respondents, Homeland Security Investigations and the Department of Justice, pursuant to the Right to Financial Privacy Act of 1978. (Dkt. No. 1.) Under the Financial Privacy Act, he moves for "an order preventing the government from obtaining access to my financial records" held by Security Service Federal Credit Union (SSFCU). *Id.*

Respondents filed a Motion to Dismiss under Rule 12(b)(1), arguing that the Court lacked subject matter jurisdiction because the issue was moot. (Dkt. No. 2). According to the Respondents' Motion, HSI Special Agent Brian Huffman (SA Huffman) became aware of Petitioner's seized vehicle and began investigating him in March of 2021. In May of 2021, SA Huffman issued a subpoena to the SSFCU for Petitioner's financial records. On June 3, 2021 SSFCU disclosed the financial records. On June 7, 2021, SA Huffman became aware of Petitioner's Motion for Protection, and ceased review of SSFCU's disclosure. On June 9, 2021, SA Huffman received a net equity certification and determined that the investigation into Petitioner's financial records was no longer necessary, as the seized vehicle was remitted to

Petitioner. According to SA Huffman's sworn declaration, the financial records disclosed by SSFCU were destroyed on June 10, 2021. (Dkt. No. 2, Ex. 1.)

Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies. U.S. Const., Art. III, Sec. 2; *See Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (holding that without an actual case or controversy, an issue is moot and therefore lacks federal court jurisdiction). A controversy can become moot "'when the parties lack a legally cognizable interest in the outcome.'" *Chevron, U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993). Here, the investigation into Petitioner's financial records has closed and any disclosed previously received records have been destroyed, and his vehicle has been remitted. (Dkt. No. 2.) Accordingly, the Court finds that the issue is moot, and **RECOMMENDS** that Respondents' Motion to Dismiss (Dkt. No. 2) be **GRANTED** and the case be **DISMISSED** under Rule 12(b)(1).

IT IS SO RECOMMENDED.

Signed on February 25, 2022, at Laredo, Texas.

_____
DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

Petitioner may file objections to this Report and Recommendation. Objections to any part of this Report and Recommendation must be specific written objections filed within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendation to Petitioner by any receipted means.